IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Tonya R. Chapman, ) | Civil Action No. 7:15-cv-00441-TMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Enterprise Rent-a-Car Company, ) | |
| Enterprise Rent-a-Car Company of ) | |
| Spartanburg SC, Samuel Bo Huffling, ) | |
| Robert Carmen, Lauren Pace, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on cross-motions for summary judgment. [Docs. 34, 55.] Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pre-trial matters in cases involving litigation by individuals pro se and to submit findings and recommendations to the District Court.

On January 30, 2015, Plaintiff filed this action, generally alleging that she entered an Enterprise Rent-a-Car ("Enterprise") branch in Spartanburg, South Carolina, to rent a car, and the employees ran a credit check for no reason and then gave her a letter declining her request to rent a car. [Doc. 1.] Because it was unclear from the Complaint what acts or misconduct allegedly violated Plaintiff's legal rights or what federal and/or state law was allegedly violated, the Court directed Plaintiff to answer special interrogatories to clarify what legal rights were allegedly violated. [Docs. 9; 9-1.] Plaintiff's responses and attachments to the special interrogatories indicate that Plaintiff is an African-American female and contends she was discriminated against in a place of public accommodation

based on her race because there was no reason to pull her credit report. [Doc. 11.] Accordingly, the Court construes Plaintiff's Complaint and answers to special interrogatories as alleging a claim under 42 U.S.C. § 1981, a civil rights law that prohibits racial discrimination in making contracts.

On May 22, 2015, Plaintiff filed a motion for summary judgment, and she filed an additional attachment to the motion for summary judgment on June 2, 2015. [Docs. 34; 35.] Defendants filed a response in opposition on June 8, 2015, and Plaintiff filed a reply on June 12, 2015. [Docs. 37; 39.] On September 30, 2015, Defendants filed a motion for summary judgment. [Doc. 55.] On October 2, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised to respond to the motion and of the possible consequences if she failed to adequately respond. [Doc. 56.] Plaintiff filed a response in opposition on November 5, 2015, and Defendants filed a reply on November 16, 2015. [Docs. 64; 66.] Accordingly, the motions are ripe for review.

## **BACKGROUND**

Plaintiff is a resident of Caroleen, North Carolina. [Docs. 1 at 2; 55-2 at 4:7–12.] On June 12, 2014, Plaintiff went to an Enterprise branch in Forest City, North Carolina, to rent a vehicle. [Doc. 55-2 at 5:13–6:11.] However, the Forest City branch had no cars available. [*Id.* at 6:6–11.] The employees at the Forest City branch suggested that Plaintiff try the Enterprise branch in Spartanburg, South Carolina. [*Id.* at 6:12–23.]

On her way to the Spartanburg branch, Plaintiff called to find out what documentation she would need to provide to rent a car; she was told she would need to present a valid driver's license, proof of insurance, and two forms of bills because she was an out-of-state renter. [*Id.*] At the Spartanburg branch, Plaintiff completed and signed a

Customer Information Sheet. [*Id.* at 12:20–13:12; Doc. 34-1 at 14.] Plaintiff did not have a proof of insurance card with her, so she presented a bill she had received from Travelers Insurance Company. [Docs. 34-1 at 3; 55-2 at 13:23–14:25.] She also presented a piece of her Duke Power bill. [Doc. 55-2 at 11:11–18.] Thereafter, an Enterprise employee handed Plaintiff a letter stating her rental application was denied based on information provided by Equifax. [Doc. 34-1 at 4.] The employee said, "I'm sorry," and instructed Plaintiff to call Equifax if she had a question. [Doc. 55-2 at 10:7–19, 15:16–24, 18:24–19:6.]

Plaintiff asserts that the denial of her rental application was based on her race because the Enterprise employee was white, Plaintiff's credit was good, and there was no reason for her to be denied a rental car. [*Id.* at 18:10–23.] She further contends Defendants damaged her credit score by running a credit inquiry, which in turn prevented her from obtaining a home mortgage loan. [*Id.* at 19:7–21.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do

so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's

4

position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

As previously stated, 42 U.S.C. § 1981 makes unlawful race discrimination in the making and enforcement of private contracts. The statute provides that "[a]ll persons . . . have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens."

5

42 U.S.C. § 1981(a). The term "make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b). Because Plaintiff has not presented any direct evidence of intentional discrimination,[1] she must proceed under the *McDonnell Douglas* burden-shifting framework. *See Murrell v. The Ocean Mecca Motel, Inc.*, 262 F.3d 253, 257 (4th Cir. 2001). Under this framework, a plaintiff must first prove a prima facie case of discrimination.[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the plaintiff succeeds, the burden then shifts to the defendant to establish that it acted with a legitimate, nondiscriminatory reason. *Id.* By providing such an explanation, the defendant rebuts the presumption of discrimination created by the prima facie case, and "[t]he presumption, having fulfilled its role of forcing the defendant to come forward with some response, simply drops out of the picture." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 510–11 (1993) (citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255 (1981)). If the defendant articulates a legitimate,

---

[1] "Evidence is direct if it 'both reflect[s] directly the alleged discriminatory attitude and . . . bear[s] directly on the contested [] decision.'" *Young v. United Parcel Serv., Inc.*, 707 F.3d 437, 446 (4th Cir. 2013) (quoting *Warch v. Ohio Cas. Ins. Co.*, 435 F.3d 510, 520 (4th Cir. 2006)) (some alterations in *Young*). "Thus, evidence is direct if it establishes discriminatory motive with no need for an inference or a presumption." *Id.*

[2] To establish a prima facie case of discrimination in a § 1981 case relating to the purchase of goods or services, a plaintiff must establish: (1) she is a member of a protected class; (2) she sought to enter into a contractual relationship with the defendant; (3) she met the defendant's ordinary requirements to pay for and to receive goods or services ordinarily provided by the defendant to other similarly situated customers; and (4) she was denied the opportunity to contract for goods or services that was otherwise afforded to white customers. *Williams v. Staples, Inc.*, 372 F.3d 662, 667 (4th Cir. 2004) (citing *Murrell*, 262 F.3d at 257).

nondiscriminatory reason, the burden shifts back to the plaintiff to show that the articulated reason was actually a pretext for discrimination. *McDonnell Douglas*, 411 U.S. at 804.

Here, Defendants contend Plaintiff cannot establish a prima facie case of discrimination because she cannot establish she met the ordinary requirements to pay for a rental car and there is no evidence that Plaintiff was treated any differently than other customers. [Doc. 55-1 at 4–5.] Moreover, Defendants argue the Equifax report satisfies Defendants' burden of demonstrating a legitimate, nondiscriminatory reason for denying Plaintiff's rental application. [*Id.* at 5.] The Court agrees.

Even assuming without deciding Plaintiff can establish a prima facie case of discrimination,[3] the Court agrees Defendants articulated a legitimate, nondiscriminatory

---

[3]As one court within the Fourth Circuit has noted, "[t]he relevance of the *McDonnell Douglas* scheme outside of the trial context is limited." *Lerner v. Shinseki*, No. ELH-10-1109, 2011 WL 2414967, at *14 (D. Md. June 10, 2011). The Fourth Circuit Court of Appeals has observed,

> Courts must, however, resist the temptation to become so entwined in the intricacies of the proof scheme that they forget that the scheme exists solely to facilitate determination of "the ultimate question of discrimination *vel non*."

*Proud v. Stone*, 945 F.2d 796, 798 (4th Cir. 1991) (quoting *U.S.P.S. Bd. of Governors v. Aikens*, 460 U.S. 711, 714 (1983); and then citing *Nelson v. Green Ford, Inc.*, 788 F.2d 205, 208 (4th Cir. 1986)). Further, the Supreme Court has stated,

> Where the defendant has done everything that would be required of him if the plaintiff had properly made out a *prima facie* case, whether the plaintiff really did so is no longer relevant. The district court has before it all the evidence it needs to decide whether "the defendant intentionally discriminated against the plaintiff."

*Aikens*, 460 U.S. at 715 (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)); *see Brady v. Office of Sergeant at Arms*, 520 F.3d 490, 494 (D.C. Cir. 2008) ("The *Aikens* principle applies, moreover, to summary judgment as well as trial proceedings.").

7

reason for denying Plaintiff a rental car, and Plaintiff has failed to establish a genuine issue of material fact remains as to whether the articulated reason is pretext for unlawful discrimination.

Defendants argue Plaintiff was denied a rental car because of information in an Equifax report. At the time she was denied a rental car, Plaintiff was handed a letter stating her rental application was denied based on information provided by Equifax and instructed to call Equifax if she had a question.[4]  [Docs. 34-1 at 4; 55-2 at 10:7–19, 15:16–24, 18:24–19:6.] The Court concludes Defendants have met their burden under *McDonnell Douglas* to articulate a legitimate, nondiscriminatory reason for denying Plaintiff a rental car. Accordingly, the Court will consider whether Plaintiff has met her burden of demonstrating that Defendants' proffered reason is merely a pretext for discrimination, which would indicate that Plaintiff could meet her ultimate burden of persuasion and demonstrate discrimination *vel non*. *See Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289, 294 (4th Cir. 2010) ("The final pretext inquiry 'merges with the ultimate burden of persuading the court that [the plaintiff] has been the victim of intentional discrimination,'

---

In light of this guidance from the Supreme Court and the Fourth Circuit Court of Appeals, the Court agrees with the District of Maryland that where the defendant has met its burden of articulating a legitimate, nondiscriminatory reason for its action, the Court may assume, without deciding, that the plaintiff has established a prima facie case of discrimination. *Lerner*, 2011 WL 2414967, at *14.

[4]Indeed, in her response in opposition to the motion for summary judgment, Plaintiff indicates that she called Equifax and was told that customers with outstanding balances with Enterprise would be denied a rental car. [Doc. 64 at 4.] Plaintiff also states that she went back to the Spartanburg branch on June 19, 2014, and the area manager informed Plaintiff that a customer would have received the denial letter she received because of a previous balance with Enterprise. [*Id.* at 3.]

8

which at all times remains with the plaintiff." (alteration in *Merritt*) (quoting *Burdine*, 450 U.S. at 256)).

To prove a defendant's articulated reason is a pretext for discrimination, a plaintiff "must prove '*both* that the reason was false, *and* that discrimination was the real reason' for the challenged conduct." *Jiminez v. Mary Wash. Coll.*, 57 F.3d 369, 378 (4th Cir. 1995) (emphasis in original) (quoting *St. Mary's Honor Ctr.*, 509 U.S. at 515). Upon review of the record, the Court determines Plaintiff has failed to demonstrate a genuine issue of material fact as to whether Defendants' proffered reason for denying Plaintiff a rental car is merely a pretext for discrimination.

In her response in opposition, Plaintiff asserts for the first time that she was "mistreated, called out of my name (black people)." [Doc. 64 at 3.] However, new matters cannot be raised in a response in opposition to a motion for summary judgment. *Temple v. Oconee County*, C/A No. 6:13-144-JFA-KFM, 2014 WL 4417702, at *13 (D.S.C. Sept. 8, 2014) (citing *White v. Roche Biomedical Labs,* 807 F.Supp. 1212, 1216 (D.S.C. 1992)). Even if the Court were to consider this argument, Plaintiff has provided nothing but her own vague,[5] conclusory allegation that she overheard something at the Spartanburg branch,

---

[5]Plaintiff fails to allege who made any comment or what was actually said, asserting only,

> I then explained to [the area manager] that I was mistreated, called out of my name (black people) and denied a car rental. On the date of June 12, at this location, [the area manager] explained that he was familiar with the accident, what his employees said, and that it would not hold up in court because she didn't say it directly to me, I then told him I was aware by overhearing her.

[Doc. 64 at 3.]

and conclusory allegations, without more, are insufficient to preclude granting summary judgment.  *Ross,* 759 F.2d at 365.

Additionally, Plaintiff contends in her response in opposition to the motion for summary judgment that she "proved all that was required of [her] to bring for the rental car process." [Doc. 64 at 5.]  However, Plaintiff testified at her deposition that she was told she would need to present a valid driver's license, proof of insurance, and two forms of bills because she was an out-of-state renter[6] [Doc. 55-2 at 6:17–23] but that she presented a piece of her Duke Power Bill and, because she did not have a proof of insurance card with her,[7] she presented a bill she had received from Travelers Insurance Company [*id.* at 11:11–18, 13:23–14:25; Doc. 34-1 at 3].  Although Plaintiff conclusorily asserts that she provided everything she was told to provide, the record contains no evidence that Plaintiff provided two forms of bills or anything more than a bill from an insurance company as proof of insurance.  Additionally, Plaintiff does not assert that the Equifax report was incorrect.  Plaintiff has "done little more than cite to [her] mistreatment and ask the [C]ourt to conclude that it must have been related to [her] race.  This is not sufficient." *Lizardo v. Denny's, Inc.*, 270 F.3d 94, 104 (2d Cir. 2001).  Accordingly, Plaintiff has failed to establish a genuine issue of material facts remains as to whether Defendants' proffered reason for denying

---

[6] Plaintiff does not allege that requiring her to provide this documentation was discrimination.

[7] Plaintiff testified that her insurance company sent her a proof of insurance card but that she could not keep up with it.  [Doc. 55-2 at 14:23–25.]

Plaintiff a rental car is a pretext for discrimination,[8] and Defendants' motion for summary judgment should be granted.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Plaintiff's motion for summary judgment be DENIED and Defendants' motion for summary judgment be GRANTED.

IT IS SO RECOMMENDED.

                                        s/Jacquelyn D. Austin
                                        United States Magistrate Judge

January 7, 2016
Greenville, South Carolina

---

[8] Likewise, Plaintiff has offered no evidence, other than conclusory allegations, that Defendants' running a credit check is a pretext for discrimination. Plaintiff authorized Enterprise to run a credit check if necessary [Doc. 34-1 at 14] and has provided no evidence that Enterprise did not believe a credit check was necessary in this case.