IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Tonya R. Chapman, | ) | |
| | ) | Civil Action No. 7:15-441-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Enterprise Rent-a-Car Company, | ) | |
| Enterprise Rent-a-Car Company of | ) | |
| Spartanburg, SC, Samuel Bo Huffling, | ) | |
| Robert Carmen, and Lauren Pace, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1981. Plaintiff filed a motion for summary judgment (ECF No. 34), and Defendants have also filed a motion for summary judgment. (ECF No. 55). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., these matters were referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant Defendants' motion for summary judgment and deny Plaintiff's motion for summary judgment. (ECF No. 67 at 11). Plaintiff filed objections to the Report. (ECF No. 70). Defendants filed a reply. (ECF No. 72).

The Magistrate Judge makes only a recommendation to the court. The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *Id.*

1

Plaintiff's objections are unpersuasive. Plaintiff objects to the finding that she did not provide proper documentation when she sought to rent a car from the Spartanburg, South Carolina branch of Enterprise Rent-a-Car. (ECF No. 70 at 2). While on her way to the Spartanburg Enterprise branch, Plaintiff called to ask what documentation she would need to provide as an out-of-state driver. (ECF No. 55-2 at 6). Plaintiff was informed that, as an out-of-state driver, she would need to present a valid driver's license, proof of insurance, and two forms of bills. (ECF No. 55-2 at 6). Plaintiff provided her driver's license, a bill from her car insurance company, and a piece of a bill from her Duke Power bill to the Spartanburg Enterprise. (ECF No. 55-2 at 11). Plaintiff did not have her proof of insurance card or provide two complete bills. (ECF No. 55-2 at 14). Thus, she did not provide proper documentation. In any event, even if she had provided proper documentation, Plaintiff has failed to introduce any evidence that shows the decision to run her credit score and the subsequent denial of a rental car based on that score was pretext for racial discrimination. The customer information system sheet that Plaintiff signed provides: "I authorize Enterprise Rent-A-Car to run a credit check if necessary . . . ." (ECF No. 37-1). The sheet further states: "If Renter does NOT have Full, Transferable Ins., Must Run a Credit Check." (ECF No. 37-1).

Plaintiff next objects to the magistrate judge's finding that she failed to prove direct discrimination. (ECF No. 70 at 1). In order to prove a claim based on direct discrimination, Plaintiff would have needed to introduce "evidence of conduct or statements that both reflect directly the alleged discriminatory attitude and that bear directly on the contested employment decision." *Warch v. Ohio Cas. Ins. Co.*, 435 F.3d 510, 520 (4th Cir. 2006) (quoting *Taylor v. Va. Union Univ.*, 193 F.3d 219, 232 (4th Cir. 1999) (en banc)). "Even if there is a statement that reflects a discriminatory attitude, it must have a nexus with the adverse employment action." *Id.*

Plaintiff claims that she has introduced evidence of direct discrimination by showing that she was able to reserve a rental car on Enterprise's website on the same day that she was denied a rental car at the Spartanburg Enterprise branch. (ECF Nos. 64-4; 70 at 1). The court finds that this is not evidence of direct discrimination. Plaintiff contacted the Spartanburg Enterprise prior to arriving and asked what additional documentation she would need to rent a car as an out-of-state driver. (ECF No. 55-2 at 6). She was informed of certain documentation, which she failed to provide. After, she reserved a car online in her state of residence. (ECF No. 64-4). The fact that she was able to reserve a car on Enterprise's website does not establish that she was directly discriminated against on the basis of her race at the Spartanburg Enterprise branch.

After a thorough review of the Report and the record in this case, the court adopts the magistrate judge's Report (ECF No. 67) and incorporates it herein. It is therefore **ORDERED** that Defendants' motion for summary judgment (ECF No. 55) is **GRANTED**, and Plaintiff's motion for summary judgment (ECF No. 34) is hereby **DENIED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
Timothy M. Cain  
United States District Judge

February 22, 2016  
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.